UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GARY KLOSTERHOFF, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:25-cv-00007-ACL |
| JOSEPH HAAN et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Gary Klosterhoff[1], a resident at the Metropolitan St. Louis Psychiatric Center, has filed a civil rights complaint and application to proceed in district court without prepaying fees or costs. (ECF Nos. 1, 2). Having reviewed the application, the Court finds that Plaintiff is unable to pay the filing fee, and will therefore grant the motion. Nevertheless, for the reasons set forth below, the Court will dismiss this action under 28 U.S.C. § 1915(e)(2).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 against the State of Missouri, Cape Girardeau County, and Officer Joseph Haan in his official capacity.[2] (ECF No. 1 at 1-2). The handwritten complaint is difficult to decipher, but Plaintiff appears to allege that he was kidnapped and subjected to surgery that caused his eye to bleed. *Id*. at 4. He also asserts that Officer Haan relied on hearsay to prepare an unspecified report and interfered with his right to a speedy trial. *Id*.

---

[1] The docket currently identifies Plaintiff as "Gary Klostenhoff." However, upon review of the present complaint and Plaintiff's previously filed complaints, it appears his correct surname is "Klosterhoff." Likewise, the docket identifies Defendant Jospeh Haan as "Unknown Haan." The Court will direct the Clerk of Court to amend the case caption to accurately reflect the proper names of the parties.

[2] Although Plaintiff names only "Missouri" and "Cape County" as defendants in the caption of his complaint, he also identifies Joseph Haan as a defendant on page 2 of the pleading.

at 4-5. Although Plaintiff's legal theory is unclear, he explicitly invokes the Eighth Amendment's prohibition against cruel and unusual punishment. *Id*. at 4.

## Legal Standard

Because Plaintiff is proceeding in forma pauperis, his complaint is subject to review under 28 U.S.C. § 1915(e)(2). That provision requires the Court to dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

## Discussion

To state a claim under § 1983, a plaintiff must allege (1) a deprivation of a right secured by the Constitution or federal law, and (2) that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's allegations, to the extent they are comprehensible, are vague and conclusory. *See Ashcroft v. Iqbal*, 556 U.S. 662 at 678-79 (2009) (unadorned "the-defendant-unlawfully-

harmed-me" accusations are insufficient). The complaint contains no factual content that would allow this Court to infer that Defendants are liable for any constitutional violation. *Id*.

Moreover, with respect to Cape Girardeau County—whether sued directly or through Defendant Haas in his official capacity—Plaintiff fails to allege that his purported injuries resulted from (1) an official County policy, (2) an unofficial County custom, or (3) a deliberately indifferent failure to train or supervise. *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). Although a plaintiff need not explicitly plead the existence of an unconstitutional policy or custom, he must still allege facts that support their existence. *See Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). Plaintiff alleges no such facts.

Lastly, Plaintiff's claims against the State of Missouri are not legally actionable under § 1983 for two reasons. First, absent a waiver, the Eleventh Amendment bars suit against the State of Missouri or its officials acting in their official capacities. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998). Second, § 1983 provides for an action against a "person" who violates another's civil rights while acting under the color of state law. *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

## Conclusion

For the foregoing reasons, the Court will dismiss this action without prejudice under 28 U.S.C. § 1915(e)(2)(ii)-(iii).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall amend the case caption to reflect Plaintiff's correct surname as "Gary Klosterhoff."

3

**IT IS FURTHER ORDERED** that the Clerk of Court shall amend the case caption to include the State of Missouri as a defendant in this matter.

**IT IS FURTHER ORDERED** that all other pending motions (ECF Nos. 3, 4, 5) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 9th day of May, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE